UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GWC DEVELOPMENT PARTNERS,
LLC, a Florida limited liability company,

    Plaintiff,

v.

CIRCLE K STORES INC., a Texas corporation,

    Defendant.

Case No.: _____

_____/

## NOTICE OF REMOVAL

Defendant, CIRCLE K STORES, INC., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this civil action from the Circuit Court in and for Columbia County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. In support, Defendant states:

### Procedural Background

1. On August 22, 2024, Plaintiff filed a Complaint in the Circuit Court in and for Columbia County, Florida, and effected service of process on Defendant.

2. In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06 of Rules for the United States District Court, Middle District of Florida, attached hereto as Composite Exhibit "A" is a true and correct copy of the docket

maintained by the state court; as Exhibit "B" a true and correct copy of the operative First Amended Complaint; and as Exhibit "C" a true and correct copy of each other paper docketed therein.

3. In accordance with 28 U.S.C. § 1446(d), promptly after filing of this Notice of Removal, Defendant will give written notice of such removal to all adverse parties and will file a copy of this notice with the clerk of the state court.

4. As set forth herein, this case is properly removable under 28 U.S.C. § 1332. Complete diversity exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest, and costs.

## **Complete Diversity**

5. For a court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000.00.

6. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004).

7. Defendant is a U.S. corporation. A U.S. corporation is deemed to be a citizen of every state where it is incorporated and of the state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Defendant is

incorporated in Texas, and it maintains its principal place of business in Arizona. Therefore, for diversity purposes, Defendant is a resident of Texas and Arizona.

8. Plaintiff is a Florida limited liability company. Irrespective of state of formation, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens*, 374 F. 3d at 1022. Therefore, "[t]o sufficiently allege the citizenships of [limited liability companies], a party must list the citizenships of all the members of the limited liability company[.]". *Id*.

9. Upon written representation of Plaintiff's counsel made on August 12, 2024, Plaintiff's members, including the sub-members of any unincorporated member, are citizens of Florida, North Carolina, Illinois and (depending on domicile) possibly Missouri. As such, complete diversity exists herein.[1]

## **Amount in Controversy**

10. A defendant must show that the amount in controversy more likely than not exceeds $75,000.00 in the notice of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy,*

---

[1] Undersigned counsel acknowledges the preference to specifically identify the LLC's individual members in addition to their respective citizenship and has sought such further details from the plaintiff's counsel. However, in light of the written representation made on August 12, 2024 and the concomitant deadline to remove this action, counsel believes the most appropriate course of action is to file the instant notice in recognition that the additional details will be made available to the court through post-removal filings, e.g., a Local Rule 3.03 Disclosure Statement.

269 F.3d 1316, 1319 (11th Cir. 2001)). A court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to aid in its determination whether the required amount in controversy exists. *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010).

11.　Further, the Eleventh Circuit has held that "[f]or amount in controversy purposes, the value of declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)). The "value" from the plaintiff's perspective includes both potential benefits and liabilities. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1344 (11th Cir. 2018). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted," *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000), or, conversely, "the losses that will follow from" not obtaining the injunction, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

12.　Here, the Amended Complaint alleges three causes of action: two counts of breach of lease and one count seeking declaratory judgment as to whether that same lease was effectively terminated. Specifically, the Complaint alleges that that Defendant breached the Ground Lease when it

failed to timely pay rent on April 1, 2024, May 1, 2024, and monthly thereafter to the present.

13.     Exhibit 1 to the Complaint contains the alleged "Ground Lease," executed by the parties on or about September 7, 2021, including fourteen amendments thereto. Monthly rent under the terms of the Ground Lease was initially set at $10,000.00 per month over a fifteen-year term, with periodic increases as set forth in the Rent Schedule. *Ground Lease*, Exh. H. The Ground Lease further requires Tenant/Defendant to pay all property taxes, personal property taxes, rental taxes, and any taxes not otherwise stated. *Ground Lease*, ¶ 6.3.

14.     Pursuant to the referenced lease provisions and the allegations in the Complaint, the disputed damages and value of the declaratory relief far exceed the $75,000.00 jurisdictional threshold.

## Timeliness of Removal

15.     Pursuant to 28 U.S.C. § 1446(b)(1), if an action's initial pleadings provide the grounds for removal, the defendant's notice of removal must be filed within 30 days after the defendant's receipt of the initial pleading setting forth the claim. However, "if the initial pleadings do not provide grounds for removal, the thirty-day removal clock begins ticking upon defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Perez*

*v. Scottsdale Ins. Co.,* No. 19-CV-22346, 2020 WL 596971, at *1 (S.D. Fla. Feb. 7, 2020) (quoting 28 U.S.C. § 1446(b)(3)).

16. The Complaint does not identify Plaintiff's members or their respective citizenships. Defendant did not obtain knowledge of Plaintiff's full membership and relevant citizenship information until August 12, 2024, nor was such knowledge previously obtainable through reasonable effort or prior discovery.

17. Accordingly, Defendant has timely filed this Notice of Removal within 30 days of first ascertaining that this case was removable. *See, Healthcare Billing Systems, LLC v. Athens-Clarke Medical Enterprises, LLC*, No. 20-CV-1167, 2020 WL 5201387 (M.D. Fla. Sept. 1, 2020) (holding that 30-day deadline was triggered by plaintiff's email response to an inquiry asking for citizenship of plaintiff's members where complaint did not contain such information); *Westland Commerce Park v. Arch Specialty Insurance Company,* 587 F. Supp. 3d 1153, (S.D. Fla. 2022) (holding that 30-day clock on removal did not begin to run until defendant received limited discovery identifying plaintiff's members).

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the Middle District of Florida, Jacksonville Division.

Respectfully submitted this 30th day of August 2024.

55063813 v1

BURR & FORMAN LLP

*/s/ M. Scott Thomas*
**M. SCOTT THOMAS (lead counsel)**
Florida Bar No.: 0994898
**P. CADE SPIVEY**
Florida Bar No.: 1030806
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201

*Attorneys for Defendant*
**Primary and Secondary E-mail:**
msthomas@burr.com
jmlewis@burr.com
cspivey@burr.com
ctgallagher@burr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 30, 2024, I filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send electronic notice of the filing to:

| | |
|---|---|
| **SCRUGGS, CARMICHAEL, & WERSHOW, P.A.**<br>**Jeffrey R. Dollinger, Esq.**<br>4923 NW 43rd Street<br>Gainesville, Florida 32606<br>dollinger@scwlegal.org<br>jrdla@scwlegal.org<br>*Co-Counsel for Plaintiff* | **KRINZMAN, HUSS, LUBETSKY, FELDMAN, & HOTTE**<br>**Cary A. Lubetsky**<br>169 E. Flagler Street, Suite 500<br>Miami, Florida 33131<br>cal@khllaw.com<br>*Co-Counsel for Plaintiff* |

*/s/ M. Scott Thomas*
Attorney

55063813 v1